## KLAUSS v. INSURANCE CO. OF NORTH AMERICA.

### No. 5269.

District Court, E. D. Pennsylvania.
Aug. 12, 1946.

Robert T. McCracken and Richard E. McDevitt, both of Philadelphia, Pa., for plaintiff.

Joseph W. Henderson, of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

This action is brought on an insurance, issued by the defendant, to recover the value of an Oriental rug damaged by fire on October 15, 1944. The sole issue in controversy, the value of the rug on the date of the fire, is purely factual in nature. The parties have agreed that the salvage value of the rug is $300.

The rug in controversy was purchased by plaintiff's deceased husband for $8,000. The evidence for both parties as to value on October 15, 1944, was adduced from expert witnesses.

On behalf of the plaintiff, it was testified that the rug had increased in value since its purchase in 1928, and that on October 15, 1944, its value was approximately $14,250.

On behalf of the defendant, three experts gave testimony. One testified the value of the rug was about $4,000 on the date of

the fire; another, less than $4,000; the third, $5,000. The testimony, further, was that the rug had not increased in value because of the lack of demand for Kashan rugs of such unusual size.

All the experts agreed that the rug in controversy was a fine handmade silk Kashan, imported and of unusually large size. One witness for the defendant stated that a rug of this kind was to be hung on a wall rather than placed upon the floor.

Mr. Charles B. Fritz, an expert testifying for the defendant, stated that Kashan rugs are unusual, that few have been made, that to a person who loves them, they are beautiful things, and that the rug in controversy was a beautiful rug of lovely color. He said he would not doubt that at an auction $15,000 might be bid for it. He stated, further, that he valued the rug at about $5,000, explaining that that represented a price which "if anything happened later on I could take that rug and realize your money."

It clearly appears from the testimony of Mr. Fritz that what the rug might bring on the market depends a great deal not only on its intrinsic worth, but also on the fancy which a prospective purchaser takes to it. Accordingly, as he testified, for an "unusual", "beautiful" and "lovely" rug such as this, $15,000 might be bid. On the other hand the testimony prevails that the rug had not appreciated in value since its purchase. Taking into consideration, therefore, the purchase price and the testimony of Mr. Fritz, whom I fully credit, it is my opinion that the rug herein involved had a value of $8,000 at the time of the fire.

With regard to the award in this case, it may be noted that the parties have expressed indifference as to which party is to receive the damaged article. If that party were the plaintiff, necessarily the award would be reduced by the stipulated salvage value. On the basis of this indifference, the award will be made in the amount of $8,000, with costs, to plaintiff, the damaged rug to go to the defendant.

Accordingly, this action having been heard by the Court without a jury, on the basis of the pleadings and the evidence, I make the following findings of fact:

1. The plaintiff's rug which was burned on October 15, 1944 in the fire at Brand's Auction House in Atlantic City was a large handmade Kashan made of worm silk and of a size and quality which was unusual.

2. This rug belonging to the plaintiff was purchased in 1928 for the sum of $8,000 by Mr. Klauss, now deceased, husband of the plaintiff.

3. On October 15, 1944 the value of this rug was $8,000.

4. The present salvage value of the rug is $300.

And I state the following conclusion of law:

1. Plaintiff is entitled to recover from the defendant in this action the sum of $8,000, and the costs hereof.

An order may be submitted in accordance herewith.